# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 17-MJ-349 |
| OBIOMA OMEOJIAKO | : | |
| *Defendant, pro se* | : | |

NITZA I. QUIÑONES ALEJANDRO                                       AUGUST 9, 2017

# MEMORANDUM OPINION

This is a *pro se* appeal of Defendant Obioma Omeojiako ("Defendant") challenging the conviction, judgment, and sentence imposed by United States Magistrate Judge Jacob P. Hart (the "Magistrate Judge") on February 23, 2017, for disorderly conduct, a petty offense under 38 Code of Federal Regulations ("C.F.R.") §1.218(b)(11), committed while on the property of the United States Department of Veterans Affairs ("VA"), in Coatesville, Pennsylvania. The sentence imposed was a monetary penalty of $250.00 and $30.00 processing fee. The timely appeal was filed on March 3, 2017.

**STANDARD OF REVIEW**

Pursuant to 18 U.S.C. §3402, "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." *Id.* Federal Rule of Criminal Procedure 58(g)(2) governs the appellate procedure in petty offenses and other misdemeanor cases, and appeals to a district court in a case tried by a magistrate judge. In reviewing such an appeal, the district court uses the same standards of review applied by a court of appeals when reviewing a district court conviction. *See* Fed. R. Crim. P. 58(g)(2)(B); 18 U.S.C. § 3742(h); *see also United States v. Bursey*, 416 F.3d 301, 305-06 (4th Cir. 2005). Thus, a district court reviews

factual findings under the plain or clear error standard and legal conclusions under the *de novo* or plenary standard. *See United States v. Juvenile Male*, 554 F.3d 456, 465 (4th Cir. 2009); *United States v. Murphy*, 552 F.3d 405, 409 (4th Cir. 2009). Specifically, the plain error test requires "(1) an error; (2) that is 'clear or obvious' and (3) 'affected the defendant's substantial rights,' which in the ordinary case means he or she must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different.'" *United States v. Azcona-Polanco*, -- F.3d --, 2017 WL 3184723, at *1 (3d Cir. July 27, 2017) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). If these conditions are met, the court will exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Where a defendant on appeal challenges the sufficiency of the evidence, a court must determine whether a rational trier of fact could conclude beyond a reasonable doubt that the defendant was guilty. *United States v. McQuilkin*, 673 F.2d 681, 688 (3d Cir. 1982). In reviewing the record to determine the sufficiency of the evidence, it is not for the court to weigh the evidence or determine the credibility of the witnesses. *United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008). The decision of the magistrate judge must be sustained if there is substantial evidence, taking the view most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Eley v. Erickson*, 712 F.3d 837, 847 (3d Cir. 2013).

**DISCUSSION**

In his notice of appeal, Defendant appears to challenge his disorderly conduct conviction based on the lack of substantial evidence. Therefore, this Court has construed Defendant's challenge as one to the sufficiency of the evidence and conducted a review under the plain error test. Having reviewed the transcript of Defendant's proceedings before the Magistrate Judge and

heard oral argument on Defendant's appeal, this Court finds that substantial evidence exists to support the conviction and the judgment of the Magistrate Judge and, therefore, will affirm the Magistrate Judge.

*Testimony Before the Magistrate Judge*

At Defendant's trial before the Magistrate Judge, the Government presented the testimony of Mr. David Hill, a co-worker of Defendant and an employee at the VA facility. Mr. Hill testified that on July 13, 2016, as he was leaving one of the buildings, Defendant cut him off and bumped into him. Shortly thereafter, Mr. Hill stated to Defendant, "Don't ever touch me again." According to Mr. Hill, Defendant responded, "Old man, I will F* you up," and that he would put Mr. Hill in the hospital. According to Mr. Hill, Defendant then said, "No. I swear on my mother I will kill you." Mr. Hill reported this incident to a supervisor, who then called the police. The incident was observed by another employee, Mr. Fred Jordan, who confirmed, during his testimony, that he heard Defendant threaten to kill Mr. Hill.

Defendant testified on his own behalf and stated that it was Mr. Hill who bumped into him, and disavowed ever threatening to kill Mr. Hill. Defendant admitted, however, that he told Mr. Hill that "I'm going to get you back for that."

At the conclusion of the hearing, the Magistrate Judge found the testimony of both Mr. Hill and Mr. Jordan credible, and convicted Defendant of disorderly conduct.

*Disorderly Conduct*

Following his conviction for disorderly conduct, Defendant was fined $250.00 pursuant to 38 C.F.R. §1.218(b)(11). Section 1.218 was promulgated pursuant to 38 U.S.C. §901 to apply at all property under the charge and control of the VA to persons entering in or on such property. *See* 38 C.F.R. §1.218(a). Though the regulation does not expressly define the offense of

"disorderly conduct,"[1] it provides for a $250 fine for "[d]isorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility. . . ." 38 C.F.R. §1.218(b)(11). In addition, consistent with the general definition of disorderly conduct, 1.218(a)(5) defines "disturbances" as:

> [c]onduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly is prohibited. In addition to measures designed to secure voluntary terminations of violations of this paragraph the head of the facility or designee may cause the issuance of orders for persons who are creating a disturbance to depart the property. Failure to leave the premises when so ordered constitutes a further disturbance within the meaning of this rule, and the offender is subject to arrest and removal from the premises.

38 C.F.R. § 1.218(a)(5).

Here, the crux of Defendant's appellate argument is that he never threatened Mr. Hill or said "I am going to kill you." Notably, Defendant does not deny that a confrontation occurred or that words were exchanged. He contends, however, that what he said was "I am going to get you," and that after he received the citation from the police for disorderly conduct and

---

[1] Generally, a person commits disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, he: (1) engages in fighting or threatening, or in violent behavior; (2) makes unreasonable noise; (3) uses obscene language; or (4) creates a hazardous or physically offensive condition by an act which serves no legitimate purpose. *See, e.g.*, 18 Pa. Con. Stat. §5503; *Commonwealth v. Mastrangelo*, 414 A.2d 54, 59 (Pa. 1980) (recognizing that a defendant's use of "fighting words" constitutes disorderly conduct); *Commonwealth v. Greene*, 189 A.2d 141, 144 (Pa. 1963) ("The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder."); *see also* 36 C.F.R. §2.34 (providing similar elements for disorderly conduct).

harassment, everyone returned to work. Defendant further acknowledges that the witness he called to testify on his behalf did not support his contentions, but instead testified that Defendant said "I am going to kill you."

Based upon the review of the facts argued and the definition of disorderly conduct, this Court finds that Defendant's conviction for disorderly conduct by the Magistrate Judge was based on the presentation of substantial evidence that proved his guilt beyond a reasonable doubt and was not the result of plain error. Viewing the evidence in the light most favorable to the prosecution, witness testimony established that Defendant threatened another VA employee with words to the effect that he would put him in the hospital. Indeed, Defendant conceded that he threatened to "get back" at his co-employee. Either version of the facts constitutes disorderly conduct. Thus, Defendant's conviction for disorderly conduct was supported by substantial evidence. Under the circumstances, no error was committed by the Magistrate Judge.

**CONCLUSION**

Based upon the totality of the evidence presented to the Magistrate Judge, this Court finds that Defendant's conviction of the petty offense of disorderly conduct is clearly supported by substantial evidence. Accordingly, the Magistrate Judge's assessment of a $250.00 fine and $30.00 processing fee were within the sanction limits proscribed by the applicable regulation. For these reasons, the conviction, judgment, and sentence are affirmed. An Order consistent with this Memorandum Opinion will follow.

NITZA I. QUIÑONES ALEJANDRO, USDC J